IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARK S. NORVELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02: 09-cv-0719 |
| | ) | |
| C.Y.F., AMY SULA, BETSY COROFF, and MARC CHERNA, Director, | ) ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

On June 4, 2009, Plaintiff Mark S. Norvell, a non-prisoner proceeding *pro se*, initiated this action by filing a Motion for Leave to Proceed In Forma Pauperis. By Order dated June 8, 2009, the Motion was granted by the Court and the handwritten Complaint was filed.

While 28 U.S.C. § 1915 authorizes litigants like Mr. Norvell to proceed in forma pauperis ("IFP"), such status is a privilege which may be denied when abused. After granting IFP status, the Court must dismiss the case *sua sponte* if (i) the allegation of poverty is untrue, (ii) the action is frivolous or malicious, (iii) the complaint fails to state a claim upon which relief may be granted, or (iv) the complaint seeks money damages from a defendant who is immune from suit. 28 U.S.C. § 1915(e)(2).

The Court is, thus, obligated to preliminary review each IFP plaintiff's case under the § 1915(e) factors. To that end, the Court can *sua sponte* dismiss IFP cases "to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

The standard used to evaluate a motion to dismiss is a liberal one, particularly when the action has been filed pro se. *Estelle v. Gamble,* 429 U.S. 97, 97 (1976). However, a "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007).

A complaint "is frivolous where it lacks an arguable basis either in law or in fact. [The] term 'frivolous' when applied to the complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke,* 490 U.S. at 325. When determining whether a complaint is frivolous, the Court need not accept the factual allegations as true, but must "pierce the veil of the complaint," to determine if the allegations are "fanciful," "fantastic," or "delusional." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992) *(quoting Neitzke*, 490 U.S. at 327-329).

Plaintiff's handwritten complaint, *in toto,* states as follows:

"<u>Jurisdiction</u>
This court has jurisdiction over this matter pursuant to 28 U.S.C. 1332.


Facts - conspiracy.
 Took to long to close the case.  We are seeking jury trial.

1) Pain and suffering
2) Child endangerment
3) Mental cruelty
4) seperation (sic) of family
5) denied right to due process.

CYF case is still open after our family has completed all goals CYF outlined for our family accomplise (sic) all goals and is still accomplished."

Complaint, Document No. 3.

The Court finds that there is no logical construction of the Complaint from which to derive a viable claim against the named Defendants and the deficiencies of the complaint could not be cured by amendment. Accordingly, the Court dismisses the Complaint without prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). The Clerk of Court is directed to docket this case closed.

So **ORDERED** this 4th day of December, 2009.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:   Mark S. Norvell
      5629 Hays Street
      Pittsburgh, PA 15206
      (via U.S. Mail and Certified Mail,
      Return Receipt Requested)